UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                  :
                                                       :       Chapter 11
ANNE FONTAINE USA, INC.,                               :
                                                       :       Case No. 24-10058 (LGB)
                         Debtor.                       :
------------------------------------------------------------x

**NOTICE OF DEBTOR'S INTENT TO REJECT A CERTAIN UNEXPIRED LEASE FOR NONRESIDENTIAL REAL PROPERTY AND
TO ABANDON PROPERTY REMAINING THEREON**

**TO: The Parties Identified on <u>Schedule 1</u> Attached Hereto:**

**PLEASE TAKE NOTICE** that on January 16, 2024 (the "<u>Petition Date</u>"), Anne Fontaine USA, Inc. (the "<u>Debtor</u>"), as debtor and debtor in possession in the above-captioned case (the "<u>Subchapter V Case</u>"), filed with the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") a voluntary petition for relief pursuant to Subchapter V and Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

**PLEASE TAKE FURTHER NOTICE** that on March 14, 2024, the Bankruptcy Court entered the *Order Authorizing (A) the Rejection of Certain unexpired Leases of Non-Residential Real Property Nunc Pro Tunc to the Petition Date, (b) Authorizing the Abandonment of Certain Property in Connection Therewith; (C) Approving the Lease Rejection Procedures, and (D) Granting Related Relief* [ECF Dkt. No.75] as more fully set forth in the Order enclosed herewith.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Lease Rejection Procedures, the Debtor hereby provides notice of its intent to reject the Lease identified on **<u>Schedule 1</u>** hereto (the "<u>Rejected Lease</u>") effective as of the later of (1) the date that the Debtor has filed and served this Lease Rejection Notice on the Landlord or their counsel of record and (2) the date the Debtor surrendered the leased premises to the landlord via delivery of the keys, key codes, and alarm codes to the premises, as applicable, or, if not delivering such keys or codes, providing notice that the landlord may re-let the premises (the "<u>Lease Rejection Date</u>").

**PLEASE TAKE FURTHER NOTICE that upon the Lease Rejection Date, the Landlord may re-enter and re-key the applicable Premises.**

**PLEASE TAKE FURTHER NOTICE** that any personal property of the Debtor remaining on the premises of a Rejected Lease shall be deemed abandoned effective as of the Lease Rejection Date. Landlords with respect to the rejected Premises are authorized to use or dispose of any such abandoned property without any further notice or liability to the Debtor, its estate, any consenting or known third party, and without waiver of any claims that Landlord may have against the Debtor and its estate. To the extent necessary or applicable, Debtor and Landlord of a Rejected Lease shall work together reasonably to clarify, address or resolve any issues

1

regarding the transfer of title for certain of the abandoned property. Landlord's rights and claims with respect to the removal of any such property are reserved.

**PLEASE TAKE FURTHER NOTICE** that any counterparty to a Rejected Lease (a "Landlord"), or any other party-in-interest (together, an "Objecting Party"), wishing to object to the Debtor's rejection of the Rejected Lease (the "Objection") must advise the Debtor, in writing, via email or otherwise, within ten (10) days of service of the Lease Rejection Notice.

**PLEASE TAKE FURTHER NOTICE** that if no Objection is filed, the deadline for the filing of any claim for damages arising from the rejection of a Lease shall be the later of (i) the deadline to file a general unsecured proof of claim as fixed by the Court (the "Bar Date"); or (ii) the later of thirty (30) days after (a) the Lease Rejection Date, and (b) the date of entry of an order rejecting the applicable Lease.

**PLEASE TAKE FURTHER NOTICE** that if an Objection is raised, the Debtor shall set a hearing on the rejection of the respective Rejected Lease (the "Lease Rejection Hearing"), which is permitted to be held on not less than fourteen (14) days' notice to the Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that the Objecting Party shall file with the Court a formal version of the Objection not later than ten (10) days before a Lease Rejection Hearing and concurrently serve a copy of the Objection on: (1) the attorneys for the Debtor, Klestadt Winters Jureller Southard & Stevens LLP, 200 West 41st Street, 17th Floor, New York, NY 10036, Attn: Kathleen M. Aiello, Esq.; (2) the duly appointed Subchapter V Trustee in this Subchapter V Case; (3) the Office of the United States Trustee; and (4) all scheduled creditors and all parties requesting notice (collectively, the "Notice Parties"), via overnight delivery or email.

**PLEASE TAKE FURTHER NOTICE** that the Debtor shall file its reply to the Objection (the "Reply"), if any, not later than five (5) days before the Lease Rejection Hearing, and serve a copy of the Reply on the Notice Parties and the Objecting Party via overnight delivery or email.

**PLEASE TAKE FURTHER NOTICE** that if the Court enters a final order deeming a Rejected Lease to be rejected pursuant to Section 365 of the Bankruptcy Code, whether following a Lease Rejection Hearing or not, then the Rejected Lease shall be deemed rejected *nunc pro tunc* to the Lease Rejection Date, any personal property remaining on the premises shall be deemed abandoned *nunc pro tunc* to the Lease Rejection Date, and the Court shall fix a bar date by which the Landlord of such Rejected Lease must file a claim for any damages against the respective Debtor's estate.

Dated:   New York, New York
         March 25, 2024

                                        KLESTADT WINTERS JURELLER
                                        SOUTHARD & STEVENS, LLP


                                        By:  */s/ Christopher Reilly*
                                             Kathleen Aiello

Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: kaiello@klestadt.com
      creilly@klestadt.com

*Counsel to Anne Fontaine USA, Inc.*

## SCHEDULE 1 – LEASES TO BE REJECTED

| Store Code | Store Name | Landlord | Property Address | Term (Expiration) |
|---|---|---|---|---|
| AM | American Dream | AMEREAM LLC c/o AMEREAM Management LLC One Meadowlands Plaza, 3rd Fl. East Rutherford, NJ 07073 | American Dream Mall One American Dream Way East Rutherford, NJ 07073 | September 14, 2028 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                           :
                                                :    Chapter 11
ANNE FONTAINE USA, INC.,                        :
                                                :    Case No. 24-10058 (LGB)
                                Debtor.         :
----------------------------------------------------------x

# ORDER AUTHORIZING AND APPROVING (A) REJECTION OF CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY *NUNC PRO TUNC* TO THE PETITION DATE, (B) ABANDONMENT OF CERTAIN PROPERTY IN CONNECTION THEREWITH, (C) APPROVING THE LEASE REJECTION PROCEDURES, AND (D) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] [ECF No. 60] of Anne Fontaine USA, Inc., (the "Debtor"), debtor and debtor in possession in the above-captioned case filed under subchapter V of chapter 11 of title 11 of the United States Code (the "Subchapter V Case"), for entry of an order, pursuant to sections 365(a) and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, et seq. (the "Bankruptcy Code"), and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): authorizing and approving (i) rejection of certain unexpired leases of nonresidential real property for certain premises leased by the Debtor (together, the "Rejected Leases") as set forth on Schedule 1 attached hereto; (ii) abandonment of any remaining personal property located at the premises for the Rejected Leases (the "Premises") (as defined herein), each effective *nunc pro tunc* to the Petition Date (as defined herein); (iii) the future Lease Rejection Procedures, and (iv) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

1

Motion having been provided to the appropriate parties; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having reviewing the Motion; and a Certificate of No Objection to the Motion having been filed on March 14, 2024 [ECF No. 74]; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. Each of the Rejected Leases as set forth on **Schedule 1** attached hereto, including, to the extent applicable, any agreements, amendments, change orders, supplements, waivers, subleases and side letters related thereto, is rejected, effective *nunc pro tunc* to the Petition Date. The Landlords of the Rejected Leases shall file a claim for any alleged damages arising from the rejection by the later of (i) the deadline to file a general unsecured proof of claim fixed by the Court (the "Bar Date"); or (ii) within thirty (30) days after entry of this Order.

3. To the extent prohibited by section 362 of the Bankruptcy Code, and any other applicable law, the Landlords are prohibited from setting off or otherwise utilizing any amounts deposited by the Debtor with any of the Landlords as a security deposit or pursuant to another similar arrangement, or owed to the Debtor by any of the Landlords under the Leases or other agreements between the same parties, without further order of this Court.

4. The Debtor is authorized to abandon the Abandoned Property, effective *nunc pro tunc* to the Petition Date, and the Landlords may dispose of Abandoned Property on and after the Petition Date in their sole and absolute discretion without liability to the Debtor or any third party.

5. The following Lease Rejection Procedures are approved:

   a. the Debtor is authorized and directed to file and serve by overnight delivery or email, where available, a copy of this Order and a notice of Lease rejection (the "Lease Rejection Notice") on: (1) the counterparty to each of the respective Leases (a "Landlord"), or their counsel of record if known; (2) the duly appointed Subchapter V Trustee in this Subchapter V Case; (3) the Office of the United States Trustee; and (4) all scheduled creditors and all parties requesting notice (collectively, the "Notice Parties"), informing them of the Debtor's intent to reject a Lease and abandon any personal property located at the leased premises effective upon the later of (1) the date that the Debtor files and serves a Lease Rejection Notice and (2) the date the Debtor has surrendered the leased premises to the Landlord via delivery of the keys, key codes, and alarm codes to the premises, as applicable, or, if not delivering such keys or codes, providing notice that the Landlord may re-let the premises (the "Lease Rejection Date"). The deadline for the filing of any claim for damages arising from the rejection of a Lease shall be the later of (i) the Bar Date; or (ii) the later of thirty (30) days after (a) the Lease Rejection Date, and (b) the date of entry of an order rejecting the applicable Lease.

   b. Any personal property remaining on the Premises as of the Lease Rejection Date shall be deemed abandoned effective as of the Lease Rejection Date. Landlords with respect to the rejected Premises are authorized to use or dispose of any such abandoned property without any further notice or liability to the Debtor, its estate, any third party, and without waiver of any claims that

3

    Landlord may have against the Debtor and its estate. To the extent necessary or applicable, Debtor and the Landlord of a Rejected Lease shall work together reasonably to clarify, address or resolve any issues regarding the transfer of title for certain of the abandoned property. Landlords reserve all rights and claims with respect to the removal of any such abandoned property.

c. Any Landlord of a Lease or any other party-in-interest (an "Objecting Party") wishing to object to the Debtor's rejection of the Lease (the "Objection") must advise the Debtor, in writing, via email or otherwise, within ten (10) days of service of the Lease Rejection Notice. If requested by any Landlord for a Lease, whether or not such Landlord objects to rejection of its Lease, the Landlord may prepare and submit a form of lease rejection order to the Court. Such form rejection order shall be subject to the approval and consent of the Debtor prior to its submission to the Court and shall be at the Landlord's sole expense.

d. If an Objection is raised, the Debtor shall set a hearing on the rejection of the respective Rejected Lease (the "Lease Rejection Hearing"), which is permitted to be held on not less than fourteen (14) days' notice to the Notice Parties.

e. The Objecting Party shall file with the Court a formal version of the Objection not later than ten (10) days before a Lease Rejection Hearing, and concurrently serve a copy of the Objection on the Debtor and the Notice Parties via overnight delivery or email.

f. The Debtor shall file its reply to the Objection (the "Reply"), if any, not later than five (5) days before the Lease Rejection Hearing, and serve a copy of the Reply on the Notice Parties via overnight delivery or email.

    g. If the Court enters an order deeming the Lease rejected, whether following a Lease Rejection Hearing or not, then the Lease shall be deemed rejected as of the Lease Rejection Date, or such other date as the Court determines is appropriate, and the Court shall fix a bar date by which the Landlord of the Rejected Lease must file a claim for lease rejection damages against the Debtor's estate.

6. Nothing herein shall prejudice the rights of the Debtor to argue, or the rights of any Landlord to contest such argument, that any of the Rejected Leases were terminated prior to the Petition Date; that any claim for damages arising from the rejection of the Rejected Leases is limited to the remedies available under any applicable termination provision of such Rejected Lease, or that any such claim is an obligation of a third party and not that of the Debtor or its estate.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:   New York, New York
           March 14, 2024

                                              */s/ Lisa G. Beckerman*
                                              HONORABLE LISA G. BECKERMAN
                                              UNITED STATES BANKRUPTCY JUDGE